**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ZULEMA RODRIGUEZ,** | ) Case No. |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | ) |
| **SYNCHRONY BANK,** | ) |
| Defendant. | ) |

## INTRODUCTION

1. ZULEMA RODRIGUEZ ("Plaintiff") brings this action against SYNCHRONY BANK, N.A. ("Defendant"), for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual residing in Chicago, Illinois and in this Judicial District.

5. Defendant is a national consumer lending association whose principal purpose includes collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Illinois.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Defendant called Plaintiff's cellular telephone number for the purpose of collecting an alleged debt. However, the Plaintiff is not the debtor and is not responsible for the debt.

8. Within four years prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number ending in 7681.

9. Within four years prior to the filing of this action, Plaintiff, on numerous occasions, told Defendant to stop calling her but Defendant continued to place calls to Plaintiff's cellular telephone number.

10. Within four years prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly, often calling on a near-daily basis.

11. At all times relevant to this action, while conducting business in Illinois, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

12. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

13. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number dozens of times using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as

an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

14. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

15. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff. On countless occasions, Plaintiff revoked consent by answering Defendant's calls, advising that she was not the individual Defendant was attempting to contact, advising Defendant that she not owe the alleged debt, and demanding that Defendant's calls cease.

16. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

17. Defendant is not a tax exempt nonprofit organization

18. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff on countless occasions.

**FIRST CAUSE OF ACTION**

**(Violations of the TCPA,**

**47 U.S.C. § 227)**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

21. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

b) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

c) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by

statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

d) Actual damages pursuant to statute;

e) Statutory damages pursuant to statute; and

f) Costs and reasonable attorney's fees pursuant to pursuant to statute; and

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

**MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager
Nicholas J. Bontrager, Esq.
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
E: Nick@mblawapc.com

Local Address:
1608 S. Ashland Ave #45006
Chicago, IL 60608-2013

Attorney for Plaintiff